UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **HAROLD MINCKLER** | * | **CIVIL ACTION NUMBER:** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **WAL-MART LOUISIANA, LLC** | * | |
| **AND JOHN DOE** | * | **MAGISTRATE JUDGE** |

*************************************************************************

## NOTICE OF REMOVAL AND REQUEST FOR TRIAL BY JURY

Wal-Mart Louisiana, LLC (erroneously sued as Wal-Mart Stores, Inc.), defendant in the State suit brought by Harold Minckler, Docket Number 2015-1103 "A" in the Fifteenth Judicial District Court in and for the Parish of Lafayette, State of Louisiana, files this Notice of Removal of this case from the Fifteenth Judicial District Court in and for the Parish of Lafayette, State of Louisiana, in which it is now pending to the United States District Court for the Western District of Louisiana.

I.

This case was commenced in the Fifteenth Judicial District Court in and for the Parish of Lafayette, State of Louisiana, on March 5, 2015 by Harold Minckler against Wal-Mart Stores, Inc. and John Doe.

II.

Process was served on the petitioner herein, Wal-Mart Louisiana, LLC, on March 30, 2015 as per copy of the petition, citation, and notice of service attached hereto as Exhibit "A" *in globo*.

III.

There is no such employee named *John Doe* as this is a fictitiously named defendant by the plaintiff. Therefore, he has not joined in this removal.

IV.

Plaintiff's action is one of a civil nature in which he seeks to recover from defendant damages and court costs plus legal interest for injuries received when he was allegedly injured in a slip and fall accident that occurred on March 22, 2014 at the Wal-Mart Store located at 3142 Ambassador Caffery Parkway, Lafayette, Louisiana 70506.

V.

The said civil action as against the removing defendant is one in which the District Courts of the United States have original jurisdiction by virtue of the fact that there is diversity of citizenship between the parties and by virtue of the fact that the amount in dispute exceeds the amount of $75,000.00, exclusive of interest and costs.

VI.

Wal-Mart Louisiana, LLC is a Delaware limited liability company with its principal place of business in the State of Arkansas and with its sole member being Wal-Mart Stores East, LP, a limited partnership organized under the laws of Delaware. The general partner of Wal-Mart Stores East, LP is WSE Management, LLC, a Delaware limited liability company. The limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC, a Delaware limited liability company. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (formerly known as Wal-Mart Stores East, Inc.) whose parent company is Wal-Mart Stores, Inc. Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in the State of Arkansas and is a wholly-owned subsidiary of Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business located in the State of Arkansas.

VII.

The plaintiff is alleging that as a result of his accident at Wal-Mart, he suffered serious and permanent injuries and indicated in Paragraph 5 of his petition that his damages "at this time" do not exceed $75,000.00, exclusive of interest and costs, but reserved his right to amend his petition.

VIII.

On April 28, 2015, undersigned counsel sent to plaintiff's counsel Requests for Admissions, attached hereto as Exhibit "B", requesting that the plaintiff admit that his damages do not exceed the sum of $75,000.00, exclusive of interest and costs. In plaintiff's Responses to Requests for Admissions dated June 9, 2015, attached hereto as Exhibit "C", the plaintiff objected to the request on the grounds that it calls for a legal conclusion and acknowledged that the plaintiff's damages "are unknown at this time as treatment is on-going".

IX.

The plaintiff also responded to Wal-Mart's Interrogatories, attached hereto as Exhibit "D", on June 12, 2015. In plaintiff's Answers to Interrogatory Nos. 8 and 10, he objected to the questions regarding the amount in controversy and again acknowledged that the plaintiff's damages "are unknown at this time as treatment is on-going".

X.

Plaintiff's medical records were provided by plaintiff's counsel on January 18, 2016. Pertinent medical records regarding his treatment following the Wal-Mart accident are attached hereto as Exhibit "E".

XI.

The medical records attached contain some personal identifiers of plaintiff.  Therefore, we respectfully request that this Honorable Court seal plaintiff's medical records to protect his personal privacy.

XII.

According to his medical records, the plaintiff sought treatment at the ER at Our Lady of Lourdes Regional Medical Center on the date of the subject accident with complaints of hip pain, leg pain, and back pain.  X-rays of the left hip and lumbar spine were performed which revealed no acute fractures.  He was diagnosed with a lumbar strain and was told to follow up with his primary care physician.

XIII.

He treated with Dr. Azhar Pasha at Anderson South/Pain Center from April 7, 2014 through February 6, 2015 for continued management of pain.  During those visits, his diagnoses included (1) chronic pain syndrome; (2) degenerative disc disease of lumbar spine; (3) facet syndrome of back; (4) lumbosacral spondylosis without myelopathy; (5) post laminectomy syndrome of lumbar region; and (6) pain in joints at multiple sites.  On October 14, 2014, Dr. Pasha recommended a left piriformis muscle injection under fluoroscopy which was performed on October 28, 2014.  The plaintiff underwent the same procedure on November 13, 2014 and again on January 8, 2015.

XIV.

The plaintiff began treating with Dr. Louis Blanda at Lafayette Bone & Joint Clinic on March 19, 2015 for evaluation of left hip complaints.  X-rays of his pelvis and hips were taken which revealed mild sacroiliac degeneration.  X-rays of his lumbar spine showed a transforaminal lumbar interbody fusion at L4-5.  Dr. Blanda's assessment was sacroiliitis and

herniated lumbar disc. He recommended a left sacroiliac joint injection with fluoroscope. He saw Dr. Blanda again on July 14, 2015 with lower back pain. Dr. Blanda's assessment on this visit was sacroiliitis. The plaintiff was told to follow up in two months or as needed.

XV.

On January 19, 2016, the plaintiff returned to Dr. Blanda for a follow-up visit with continued symptoms of back pain and left SI joint region pain radiating down his left leg. He had a CT scan of the SI joints as well as an MRI of the lumbar spine performed on December 28, 2015.

XVI.

Dr. Blanda reviewed the CT scan of the sacroiliac joints which demonstrated a mild degree of posterior arthritic changes in the SI joint. The MRI of the lumbar spine revealed the plaintiff's previous surgery at L4-5 and also demonstrated postoperative fibrosis in the area of the left L5 nerve root; a broad-based paracentral disc bulge towards the right at L3-4 resulting in significant neuroforaminal stenosis bilaterally; and left paracentral disc herniation associated with annular fissure and hypertrophy of the facet joint at L5-S1, resulting in significant left neuroforaminal encroachment.

XVII.

On this visit, Dr. Blanda assessed the plaintiff with a herniated lumbar intervertebral disc and lumbar radiculopathy. With the plaintiff's continued back and left leg pain, Dr. Blanda is of the opinion that the MRI findings at L5-S1 on the left are responsible for his symptoms. In the meantime, Dr. Blanda has recommended a transforaminal epidural steroid injection at L5-S1 on the left for both therapeutic and diagnostic purposes. Dr. Blanda also noted that the plaintiff has significant stenosis at L3-4 as well. He was told to follow-up in six to eight weeks for reevaluation.

XVIII.

Defendant was provided with Dr. Blanda's January 19, 2016 report via electronic correspondence from plaintiff's counsel on <u>January 25, 2016</u>, attached hereto as Exhibit "F". <u>This was defendant's first notice that this case was removable to Federal Court.</u>

XIX.

The plaintiff has incurred in excess of $10,000.00 in past medical bills and is still undergoing medical treatment for a herniated lumbar intervertebral disc and lumbar radiculopathy. At this time, it is unclear whether any future steroid injections and/or surgery will be needed. Given the Louisiana jurisprudence regarding general damage awards for a herniated disc (nonsurgical versus surgical), the total damages being claimed by plaintiff will exceed $75,000.00. (See *Roberts v. State*, 00-778 (La. App. 3rd Cir. 11/2/00), 776 So.2d 519, wherein the court awarded $65,000.00 for a disc bulge at L4-5 which may require surgery; *Maranto v. Goodyear Tire & Rubber Company*, 661 So.2d 503, 25,114 (La. App. 2nd Cir. 5/10/95), wherein the court stated that a minimum of $150,000.00 is to be awarded to a plaintiff who suffered from permanent pain in her back, leg, and hip which prevented her from returning to work; and *Foster v. Cohen*, 742 So.2d 47, 1999-98 (La. App. 3rd Cir. 6/30/99), wherein the court awarded $150,000.00 to a plaintiff who was undergoing pain management in an attempt to alleviate the pain and subsequently underwent back surgery after conservative treatment failed.

XX.

The plaintiff is also claiming damages for past and future physical and mental pain and suffering; past and future loss of enjoyment of life; past and future loss of earnings and loss of earning capacity; and past and future medical expenses. Therefore, based upon past medical bills, future medical bills, and Louisiana jurisprudence regarding general damages for a herniated

disc (nonsurgical versus surgical), the amount in dispute will exceed $75,000.00. For these reasons, it appears that the amount in controversy will exceed the jurisdictional amount required for a Federal jury trial.

## XXI.

At the time of the commencement of this action, plaintiff, Harold Minckler, was a citizen and resident of and domiciled in the Parish of Lafayette, State of Louisiana, as appears from plaintiff's petition filed in State Cart. Since that time, the plaintiff is now a citizen and resident of and domiciled in Jasper County, Mississippi. Defendant, Wal-Mart Louisiana, LLC, was and still is a Delaware limited liability company with its principal place of business in the State of Arkansas and with its sole member being Wal-Mart Stores East, LP, a limited partnership organized under the laws of Delaware. The general partner of Wal-Mart Stores East, LP is WSE Management, LLC, a Delaware limited liability company. The limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC, a Delaware limited liability company. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (formerly known as Wal-Mart Stores East, Inc.) whose parent company is Wal-Mart Stores, Inc. Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in the State of Arkansas and is a wholly-owned subsidiary of Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business located in the State of Arkansas.

## XXII.

Upon the filing of this Notice of Removal and Request for Trial by Jury, written notice thereof is being given to all adverse parties, and a copy of this notice is being filed with the Clerk of Court of the aforesaid State Court to effect the removal of the said civil action as against this removing defendant, all as provided for by law.

XXIII.

This cause is specifically removable to this Honorable Court pursuant to law, particularly the provision of 28 U.S.C. § 1441, et seq.

XXIV.

Defendant, Wal-Mart Louisiana, LLC, reserves herein all rights to object to the jurisdiction of the State Court proceedings should this Court ultimately hold that this action was not removable or improperly removed thereto.

XXV.

Defendant requests a trial by jury on all issues triable by jury.

WHEREFORE, defendant, Wal-Mart Louisiana, LLC, prays that the aforesaid civil action be removed from the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana, into this Court for trial and determination as provided by law, particularly, 28 U.S.C. § 1441, et seq., and thereupon to proceed with said civil action as though originally commenced in this Court and for all orders and decrees as may be necessary or appropriate in such cases made and provided.

Respectfully submitted,

**DAVIDSON, MEAUX, SONNIER, McELLIGOTT, FONTENOT, GIDEON & EDWARDS, L.L.P.**

*s/Philip A. Fontenot, #16918*
PHILIP A. FONTENOT, #16918
DAVID J. CALOGERO, #1748
HALLIE P. COREIL, #33784
810 South Buchanan Street
Post Office Box 2908
Lafayette, Louisiana 70502-2908
Telephone:   (337) 237-1660
Facsimile:   (337) 237-3676

Attorneys for Wal-Mart Louisiana, LLC

## CERTIFICATE

I HEREBY CERTIFY that on this 19th day of February, 2016, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system and that a copy of this filing has this day been forwarded to all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly addressed.

                                    **DAVIDSON, MEAUX, SONNIER,**
                                      **McELLIGOTT, FONTENOT,**
                                          **GIDEON & EDWARDS, L.L.P.**

*s/Philip A. Fontenot, #16918*
PHILIP A. FONTENOT, #16918
DAVID J. CALOGERO, #1748
HALLIE P. COREIL, #33784
810 South Buchanan Street
Post Office Box 2908
Lafayette, Louisiana  70502-2908
Telephone:     (337) 237-1660
Facsimile:     (337) 237-3676

Attorneys for Wal-Mart Louisiana, LLC